4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDUS SHAHID** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF DARBY** | : | **No. 15-CV-533** |

MAY – 2 2016

MICHELLE F. KUNZ Clerk
By_____ Clerk

## <u>MEMORANDUM ORDER</u>

AND NOW, this  2 nd  day of May, 2016, IT IS HEREBY ORDERED that the defendant's motion to dismiss the plaintiff's amended complaint pursuant to Pa. R.C.P. 12(b)(6) for failing to state a claim (Dkt. # 8) is GRANTED with prejudice.

In support of this Order, I make the following findings.

1. Plaintiff, Abdus Shahid, filed a complaint alleging the defendant, Borough of Darby, violated his civil rights by taking various actions against him because of his race and nation of origin. His initial complaint was dismissed for failure to state a claim and he was given twenty days to file an amended complaint. He filed an amended complaint and the Borough again moved to dismiss it.

2. Shahid is a resident of New York and owns a multi-unit rental property in the Borough of Darby. According to his original complaint, the property was damaged on January 22, 2015, when a "Borough representative" set fire to Unit 8. *Cmplt.* ¶ 7. The fire also damaged Unit 9. The Borough representative is identified as Michael Doughery.

Beginning on January 5, 2015, Doughery was the tenant of Unit 3 and Unit 8.  His

connection to the Borough is not described.  He abandoned the units after the fire.

Following the fire, Units 5, 6, 7, 8, and 9 were condemned by the Borough.  Without

further explanation, Shahid alleged the setting of the fire and resulting condemnation of

these units were motivated by racial and national origin bias.

      3.  Shahid alleged further that Unit 1 was vandalized as the result of the Borough's

discriminatory animus.  This unit had been leased by a church.  The Pastor is alleged to

have damaged the unit by breaking down walls, cutting electrical wires, and breaking two

boilers and copper water lines.  Shahid is unable to rent this unit until extensive repairs

have been made.  He asserts the Pastor acted at the direction of the Borough.  His belief is

based on his observing the Pastor visit the Borough offices at "different times,"[1] and

because the "Pastor told plaintiff he is doing these [sic] by the advice of Darby Borough

so that plaintiff is not able to rent it to another church without making 5 rooms and other

damage."  *Id.* ¶ 11.  He does not set forth any other relationship between the Pastor and

any Borough official, employee or representative.

      4.  Shahid also alleged that on January 13, 2015, the auto mechanic who leased

Unit 4 moved out leaving unpaid rent in excess of $13,000.  The mechanic also left about

1000 old tires in the unit making it unrentable until they are removed.  Shahid contends

the Borough told the mechanic not to pay the rent or clean the unit.  He bases this

---

[1] Shahid's property is located across the street from Borough offices.

assertion again on his observation of the tenant going into the Borough offices.  He does

not set forth any other relationship between this former tenant and any Borough official,

employee or representative.

     5.  Shahid contends the Borough also told his tenant in Unit 3 not to pay rent

beginning in February, 2014.  On January 13, 2015, Shahid obtained an eviction order

that required the tenant to pay back rent and clean out garbage that was spread through an

area of 9,000 square feet and about ten feet high.  Shahid saw this tenant go to the

Borough office at different times and "[h]e told plaintiff what Darby Borough told him."

*Id.* ¶ 15.

     6.  Shahid's complaint was dismissed for failing to state a cognizable claim and he

was given thirty days to file an amended complaint.  He was directed to set forth specific

facts to support his claims, to include the names and positions of those employees or

officials who violated his civil rights, and to identify the municipal policy or custom that

caused the alleged, underlying constitutional violations.

     7.  Shahid filed his amended complaint but it fails to address the deficiencies set

forth in my prior order.

     8.  In his amended complaint, Shahid claims the Borough's condemnation of his

property violates his right to rent all ten units in the building.  He contends the "previous

American born landlord rented as many units as possible.  Thus, Darby Borough's

discriminatory policy or custom caused the underlying constitutional violation." *Am.*

*Cmplt.* ¶ 4. Of course, the prior owner of this building was not similarly situated to

Shahid because he owned and leased the property prior to the January 2015 fire and

before at least two tenants caused significant damage to other units. Shahid no longer

asserts that Borough representatives or tenants acting at the direction of Borough

representatives damaged his property making it unrentable.

     9. Shahid now alleges the Borough has denied permits to a number of potential

tenants since January 22, 2015 (the date of the fire). He claims that as recently as January

2016, he was prevented from doing maintenance work on the property by Darby Borough

police. He contends further that the police have failed to arrest a burglar who damaged

his property despite the fact that Shahid provided the police with identifying information

on April 25, 2015. He contends the Borough has interfered with his attempts to collect

back rent from prior tenants by providing the tenants letters supporting their non-

payment. He does not reveal the contents of the letters. He also describes an August

2015 conversation he had with an unnamed Darby Borough councilwoman who told him

he could not do maintenance on the property because it had been condemned. Shahid

contends these incidents establish an "extreme outrageous discriminatory policy or

custom of Darby Borough due to plaintiff's race, nation of origin and color." *Id.* ¶ 17.

However, all of the alleged discrimination relates to the condition his property and

occurred after the fire and after at least two tenant and a burglar caused damage extensive

enough that by Shahid's own assertions rendered the units unfit to lease.

10.  As set forth in my earlier order, when a §1983 claim is brought against a municipality, I must consider two issues: 1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992). Because a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability, I must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). If there is no causal link, the municipality is not liable even if plaintiff's constitutional rights have been violated. *Collins*, 503 U.S. at 122.

11.  Shahid has failed to set forth any constitutional deprivation. He does not name a single Borough official, employee or representative who took any discriminatory action against him. On the contrary, the actions he describes are typical functions of government and he has not identified forth any policy or custom of the Borough that promotes discrimination. Damage caused by former tenants added to his inability to lease additional units. The fact that he is a member of one or more protected class is not sufficient to state a claim of discrimination without some causal connection to the actions taken by the Borough. As set forth in the complaint and amended complaint, his problems began with a fire and the subsequent condemnation of his property. It is only Shahid's belief that he was discriminated against and that, without more, is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (threadbare recitals of the

5

elements of a cause of action supported by mere conclusory statements are not to sufficient survive a motion to dismiss).[2]

BY THE COURT:

J. WILLIAM DITTER, JR., J.

---

[2] I have considered both the original complaint and the amended complaint in determining Shahid's claims should be dismissed. Because Shahid is *pro se*, I have broadly construed his claims but I can not ignore the facts alleged in his original complaint that have been omitted in his amended complaint when those facts are relevant to the issues raised. Having given Shahid an opportunity to file an amended complaint and having given him specific instructions on what was required to survive a motion to dismiss, I am satisfied that no further amendment of this complaint would result in a viable claim of discrimination, therefore, I am granting this motion to dismiss with prejudice.